20-1078-cr
*United States v. Bryant*

# In the
# United States Court of Appeals
## for the Second Circuit

AUGUST TERM 2020

No. 20-1078-cr

UNITED STATES OF AMERICA,
*Appellee*,

v.

CHARLES BRYANT AKA C-ROCK,

*Defendant-Appellant*,

JOSEPH MERCADO AKA SHAGGY, LAMONT DIGGS AKA L,

*Defendants*.

On Appeal from the United States District Court
for the Southern District of New York

SUBMITTED: MARCH 4, 2021
DECIDED: MARCH 26, 2021

Before: LEVAL, CABRANES, and RAGGI, *Circuit Judges*.

In 2007, Defendant-Appellant Charles Bryant was convicted of conspiracy to distribute more than 50 grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(A), and 846 (Count One), among other offenses, and sentenced principally to a 300-month term of imprisonment. Bryant now appeals from an order dated March 13, 2020, entered by the United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*), granting in part his motion for a sentence reduction pursuant to the First Step Act of 2018 and reducing his term of imprisonment from 300 months to 216 months. On appeal, Bryant argues he was entitled to the benefit of Section 401(a) of the First Step Act, which amended Section 841(b)(1)(A) such that any prior "felony drug offense" no longer triggers that section's sentencing enhancement.

We hold that Bryant does not qualify for relief afforded by Section 401(a) of the First Step Act. This is because (1) the plain text of Section 401(c) limits the retroactive effect of Section 401(a), making its relief available to defendants who committed offenses before the First Step Act became law but only if they have not yet had a sentence imposed as of the date of enactment; and (2) Section 404(b) of the First Step Act does not require a district court to engage in "plenary resentencing" or "recalculate an eligible defendant's Guidelines range, except for those changes that flow from Sections 2 and 3 of the Fair Sentencing Act," *United States v. Moore*, 975 F.3d 84, 92 (2d Cir. 2020). Because Bryant's original sentence on Count One was imposed in 2007—long before the date of the enactment of the First Step Act—he

2

is precluded by Section 401(c) from benefiting from Section 401(a)'s changes to the sentencing enhancement of Section 841(b)(1)(A), which are unrelated to Sections 2 and 3 of the Fair Sentencing Act. We accordingly **AFFIRM** the District Court's order dated March 13, 2020.

---

Jarrod L. Schaeffer and Thomas McKay, Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

Matthew B. Larsen, Attorney, Appeals Bureau, Federal Defenders of New York, Inc., New York, NY, *for Defendant-Appellant*.

---

*Per Curiam*:

In 2007, Defendant-Appellant Charles Bryant was convicted by a jury of conspiracy to distribute more than 50 grams of cocaine base ("crack cocaine") in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(A), and 846 (Count One), among other offenses. At that time, a defendant like Bryant, who had a prior conviction for a felony drug offense, faced an enhanced mandatory minimum sentence of twenty years of imprisonment for Count One under 21 U.S.C. § 841(b)(1)(A). The United States District Court for the Southern District of New York (Laura Taylor Swain, *Judge*) sentenced Bryant principally to a 300-

month term of imprisonment, followed by a term of supervised release.

In 2018, the First Step Act became law[1] The next year, Bryant moved for a sentence reduction under Section 404(b) of the First Step Act. The District Court granted Bryant's motion in part, reducing his term of imprisonment to 216 months. Bryant appealed, arguing that he was entitled to a further reduction under Section 401(a) of the First Step Act, which amended Section 841(b)(1)(A) such that a prior "felony drug offense" no longer necessarily triggers the sentencing enhancement that applied at the time of his sentencing in 2007.

We hold that Bryant does not qualify for relief afforded by Section 401(a) of the First Step Act, which narrows the applicability of the Section 841(b)(1)(A) sentencing enhancement. The plain text of Section 401(c) limits the application of Section 401(a) to defendants who committed offenses before the First Step Act became law *only* "if a sentence for the offense has not been imposed as of such date of enactment."[2] Further, Section 404(b) of the First Step Act does not require consideration of changes other than those "that flow from Sections 2 and 3 of the Fair Sentencing Act of 2010."[3] Here, Bryant's original sentence on Count One was imposed in 2007—long before the First Step Act's enactment. He is thus precluded by Section 401(c) from benefiting from Section 401(a)'s changes to the Section 841(b)(1)(A)

---

[1] Pub. L. No. 115-391, 132 Stat. 5194 (2018) ("First Step Act").

[2] First Step Act § 401(c), 132 Stat. at 5221.

[3] *United States v. Moore*, 975 F.3d 84, 92 (2d Cir. 2020).

4

sentencing enhancement, which are unrelated to Sections 2 and 3 of the Fair Sentencing Act. We accordingly **AFFIRM** the District Court's order dated March 13, 2020.

## I. BACKGROUND

In 2007, Defendant-Appellant Bryant was convicted by a jury of conspiracy to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. §§ 812, 841(a), 841(b)(1)(A), and 846 (Count One), among other offenses.

Bryant was sentenced later that year. At that time, a defendant like Bryant who was convicted of a crime involving more than 50 grams of crack cocaine and who had a prior conviction for a "felony drug offense" faced an enhanced mandatory minimum sentence of twenty years of imprisonment under 21 U.S.C. § 841(b)(1)(A). Bryant was thus subject to a twenty-year mandatory minimum term of imprisonment for his conviction on Count One.

The District Court imposed a 300-month term of imprisonment on Bryant for each of his three counts of conviction, all to run concurrently, followed by a term of supervised release.

### *The Fair Sentencing Act of 2010 and the First Step Act of 2018*

Several years after Bryant's sentencing, the Fair Sentencing Act of 2010 took effect, which increased the drug amounts needed to trigger mandatory minimum sentences for offenses involving crack

5

cocaine.[4] Before the Fair Sentencing Act, an offense charged as involving 50 grams or more of crack cocaine carried a minimum of 10 years and a maximum of a life term of imprisonment under 21 U.S.C. § 841(b)(1)(A)(iii). Section 2 of the Fair Sentencing Act raised the threshold quantity for that penalty range to 280 grams.[5] The Fair Sentencing Act did not apply retroactively; it applied only to defendants sentenced on or after August 3, 2010.[6]

Eight years later, on December 21, 2018, the First Step Act became law.[7] Section 404(b) of the First Step Act states that a district court that imposed a sentence for a "covered offense," as defined in Section 404(a),[8] may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."[9]

Section 401(a) of the First Step Act also amended the mandatory felony drug offense sentencing enhancement in Section 841(b)(1)(A) to apply only when a defendant has "a prior conviction for a *serious* drug

---

[4] Pub. L. No. 111-220, 124 Stat. 2372 (2010); *see Dorsey v. United States*, 567 U.S. 260, 269 (2012).

[5] *See* 124 Stat. at 2372; *see also United States v. Moore*, 975 F.3d 84, 87 n.5 (2d Cir. 2020).

[6] *See Dorsey*, 567 U.S. at 282; *United States v. Martin*, 974 F.3d 124, 131 (2d Cir. 2020).

[7] First Step Act, 132 Stat. at 5194.

[8] Section 404(a) of the First Step Act defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." *Id*. § 404(a), 132 Stat. at 5222.

[9] *Id*. § 404(b), 132 Stat. at 5222.

felony or serious violent felony[.]"[10] In other words, the Section 841(b)(1)(A) sentencing enhancement, as amended, no longer necessarily applies to a defendant who has a prior conviction for a felony drug offense. Further, the First Step Act stated that Section 401(a) and "the amendments made by this section" applied retroactively to any offense that was committed before the December 21, 2018 date of its enactment *only* "if a sentence for the offense has not been imposed as of such date of enactment."[11]

### *Bryant's motion for a reduced sentence*

In 2019, Bryant moved for a reduction of his sentence pursuant to Section 404(b) of the First Step Act. After determining that Bryant was eligible for resentencing, the District Court considered Bryant's argument that, in connection with Count One, he was further entitled to receive the benefit of Section 401(a)'s changes to the Section 841(b)(1)(A) sentencing enhancement.

The District Court determined that Section 401(a) of the First Step Act was not applicable to Bryant's resentencing.[12] It reached this

---

[10] *Id.* § 401(a)(2)(B), 132 Stat. at 5220–21 (emphasis added); *see also United States v. Thompson*, 961 F.3d 545, 548 n.3 (2d Cir. 2020). Under the First Step Act's new framework, only a defendant who has a prior *serious* drug felony conviction triggers the sentencing enhancement of Section 841(b)(1)(A) whereas a defendant like Bryant, who has only a prior conviction for a "felony drug offense," no longer triggers that sentencing enhancement.

[11] First Step Act § 401(c), 132 Stat. at 5221. It is for this reason that, unlike Section 404, Section 401 of the First Step Act has been described as forward-looking. *See, e.g., United States v. Wiseman*, 932 F.3d 411, 417 (6th Cir. 2019).

[12] *United States v. Bryant*, 443 F. Supp. 3d 414, 418 (S.D.N.Y. 2020).

conclusion by looking at the statutory text, which states that the changes to the Section 841(b)(1)(A) sentencing enhancement could be applied to offenses committed before the First Step Act became law in limited circumstances—that is, "if a sentence for the offense has not been imposed as of such date of enactment."[13] Because Bryant's original sentence on Count One was imposed in 2007, the District Court reasoned that he was precluded by Section 401(c) from benefitting from the First Step Act's changes to the sentencing enhancement of Section 841(b)(1)(A).

The District Court proceeded to re-calculate the applicable United States Sentencing Guidelines range for Bryant, finding it unchanged from the original range of 360 months to life imprisonment. After considering the relevant factors under 18 U.S.C. § 3553(a), the District Court resentenced Bryant, reducing his term of imprisonment from 300 months to 216 months for each count, again to be served concurrently. Bryant timely appealed. He is serving his sentence.

## II. DISCUSSION

Where a district court's decision turns on statutory interpretation, this Court reviews *de novo* the applicability of the First Step Act to a defendant's case.[14]

---

[13] First Step Act § 401(c), 132 Stat. at 5221.

[14] *See United States v. Holloway*, 956 F.3d 660, 664–65 (2d Cir. 2020); *see also Moore*, 975 F.3d at 88–89 ("[W]hen [t]he underpinning of the district court's ruling

On appeal, the parties do not dispute Bryant's eligibility for resentencing on Count One under Section 404(b) of the First Step Act.[15] The only point of contention is whether Bryant was entitled to the benefit of the First Step Act's changes to the sentencing enhancement in Section 841(b)(1)(A) at his resentencing. This is a question of first impression in our Circuit, for we have not previously addressed whether the First Step Act's changes to the sentencing enhancement of Section 841(b)(1)(A) apply to a defendant in Bryant's position.[16]

Bryant concedes that Section 401(a)'s changes to Section 841(b)(1)(A) do not apply retroactively. Instead he argues that when a district court reduces a sentence pursuant to Section 404(b) of the First Step Act, it must also apply any intervening statutory changes, including Section 401(a)'s changes to the sentencing enhancement,

---

[is] statutory interpretation, we review it *de novo*." (internal quotation marks omitted)).

[15] "A district court considering a motion for a sentence reduction under the First Step Act must conduct a two-part inquiry. First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *Moore*, 975 F.3d at 89.

[16] We recently stated, without elaboration, that the First Step Act's amendments to the sentencing enhancement in Section 841(b)(1)(B), which was changed by the First Step Act in the same manner as was Section 841(b)(1)(A)'s sentencing enhancement, was limited in its retroactive applicability by Section 401(c). *See Thompson*, 961 F.3d at 548 n.3 (citing Section 401(c) of the First Step Act to explain that the defendant, who "was sentenced several months before the First Step Act was enacted," cannot benefit from the "heightened threshold for the imposition of § 841(b)(1)(B)'s sentencing enhancement").

which would have reduced the applicable Guidelines range on resentencing.

We do not agree. The plain text of Section 401(c) of the First Step Act runs contrary to Bryant's argument. By its terms, that section limits the retroactive effect of the changes made by Section 401(a) to the sentencing enhancement of Section 841(b)(1)(A). Indeed, Section 401(c) provides that the changes to the sentencing enhancement can apply retroactively to "any offense that was committed before the date of enactment of this [First Step] Act, *if* a sentence for the offense has not been imposed as of such date of enactment."[17]

Under the terms of Section 401(c), Bryant cannot benefit from the heightened threshold for the imposition of Section 841(b)(1)(A)'s sentencing enhancement. Here, it is undisputed that Bryant committed Count One in 2005 and his sentence for that offense was imposed in 2007, long before the date of the First Step Act's enactment—indeed, more than ten years before it became law. The plain text of Section 401(c) thus precludes Bryant from relief under Section 401(a).[18]

Bryant contends that Section 401(c) does not apply to him because that section has as its heading "APPLICABILITY TO PENDING CASES,"[19] and Bryant's case was not pending at the time

---

[17] First Step Act § 401(c), 132 Stat. at 5221 (emphasis added).

[18] *See* Note 16, *ante*.

[19] First Step Act § 401(c), 132 Stat. at 5221.

the First Step Act was enacted.[20] This argument lacks merit. A statutory title or heading cannot override or undo the plain meaning of the statutory text.[21] And, in any case, our construction is not in any way contradicted by the heading. Section 401(c) explains that Section 401(a) applies to offenses committed before the enactment of the First Step Act, "if a sentence for the offense has not been imposed as of such date of enactment."[22] That is, Section 401(c) describes the First Step Act's applicability to one type of pending case.

Our conclusion that Bryant is not entitled to relief under Section 401(a) coheres with our recent decision construing the First Step Act as not requiring a district court to consider intervening changes in law in resentencing a defendant. In *United States v. Moore*, we held that a sentencing reduction pursuant to Section 404(b) "does not require plenary resentencing or operate as a surrogate for collateral review, obliging a court to reconsider all aspects of an original sentencing."[23] Rather, a district court that chooses to resentence a defendant under Section 404(b) need only "recalculate an eligible defendant's

---

[20] Appellant's Br. at 17.

[21] *See Brotherhood of R. R. Trainmen v. Balt. & Ohio R.R. Co.*, 331 U.S. 519, 528–29 (1947).

[22] First Step Act § 401(c), 132 Stat. at 5221.

[23] *Moore*, 975 F.3d at 90.

Guidelines range [to account] for those changes that flow from Sections 2 and 3 of the Fair Sentencing Act[.]"[24]

That is just what the District Court did here. Under the First Step Act, Bryant was plainly eligible for resentencing on Count One as if the amendments to Section 841(b)(1)(A)(iii) made by Section 2 of the Fair Sentencing Act had been in force at the time he committed that offense.[25] But the Fair Sentencing Act left unchanged Section 841(b)(1)(A)'s sentencing enhancement for defendants with prior convictions for drug felonies. Indeed, it was only much later—in 2018—that Section 841(b)(1)(A) was amended by the First Step Act. to require that a defendant have a prior conviction for a *serious* drug felony for the sentencing enhancement to apply. Even if the amendments of Sections 2 and 3 of the Fair Sentencing Act had been in force at the time Bryant committed Count One, Section 841(b)(1)(A)'s sentencing enhancement would have still been applicable to Bryant. Thus, by definition, the First Step Act's amendments to the Section 841(b)(1)(A) sentencing enhancement

---

[24] *Id.* at 92 (emphasis added); *see also id.* at 93 (explaining that "the First Step Act "does not require that an eligible defendant receive a plenary resentencing"). We emphasized that Section 404(b) of the First Step Act "issues no directive to allow re-litigation of other Guidelines issues—whether factual or legal—which are unrelated to the retroactive application of the Fair Sentencing Act" on resentencing. *Id.* at 91. Rather, the district court's resentencing authority pursuant to the First Step Act is "subject to the 'as if' clause – that is, to determine the impact of sections 2 and 3 of the Fair Sentencing Act." <u>Id.</u> at 91.

[25] As noted earlier, Section 2 of the Fair Sentencing Act modified the threshold quantity of crack cocaine required to trigger the 10-year mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(iii), increasing it from 50 grams to 280 grams. *See* 124 Stat. at 2372.

cannot fairly be described as "changes that flow from Sections 2 and 3 of the Fair Sentencing Act of 2010."[26] Rather, Section 401(a)'s changes to the sentencing enhancement are better described as amendments made by the First Step Act that are "unrelated to the retroactive application of the Fair Sentencing Act."[27] Accordingly, the District Court was not obligated to apply those changes to Bryant upon resentencing.

In sum, the District Court did not err in concluding that Bryant was not entitled to benefit from the First Step Act's changes to the sentencing enhancement of Section 841(b)(1)(A) when it resentenced him.

## III. CONCLUSION

We hold that Bryant does not qualify for relief afforded by Section 401(a) of the First Step Act, which narrows the applicability of the Section 841(b)(1)(A) sentencing enhancement. This is because (1) the plain text of Section 401(c) limits the retroactive applicability of Section 401(a) to defendants who committed offenses before the First Step Act became law only if they did not yet have a sentence imposed as of the date of enactment; and (2) Section 404(b) of the First Step Act does not "entail a plenary resentencing" or "obligate a district court to recalculate an eligible defendant's Guidelines range, except for those changes that flow from Sections 2 and 3 of the Fair Sentencing Act"

---

[26] *Moore*, 975 F.3d at 86.

[27] *Id.* at 91.

13

when exercising discretionary resentencing authority pursuant to the First Step Act.[28]

For the foregoing reasons, we **AFFIRM** the District Court's order dated March 13, 2020.

---

[28] *Id.* at 92.