20-1357-cr
*United States v. Harris*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand twenty-one.

PRESENT:  JON O. NEWMAN,
          JOSÉ A. CABRANES,
          RICHARD C. WESLEY,
                    *Circuit Judges.*

---

UNITED STATES OF AMERICA,

        *Appellee,*                        20-1357-cr

        v.

ANTHONY HARRIS AKA ANTHONY D. HARRIS,
AKA ANTHONY BREWER, AKA DEVINE HARRIS,
AKA DEVINE ANTHONY HARRIS,

        *Defendant-Appellant.*

---

FOR APPELLEE:                    Amanda S. Oakes and Sandra S. Glover, Assistant United States Attorneys, *for* Leonard C. Boyle, Acting United States Attorney for the District of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLANT:         Georgia J. Hinde, Law Office of Georgia J. Hinde, New York, NY.

Appeal from an amended judgment, entered April 17, 2020, by the United States District Court for the District of Connecticut (Robert N. Chatigny, *Judge*), together with an amended order entered April 13, 2020.

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the amended judgment of the District Court be and hereby is **AFFIRMED**.

Defendant-Appellant Anthony Harris challenges his amended sentence, which was imposed by the United States District Court for the District of Connecticut after granting Harris's motion for a sentence reduction under Section 404 of the First Step Act of 2018.[1] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### Procedural history

In 2006 Harris was convicted of possession with the intent to distribute and to distribute five or more grams of cocaine base or "crack cocaine," in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii) (Count One) as well as several firearm offenses (Counts Two and Three).[2] The District Court originally sentenced Harris principally to a term of 240 months of imprisonment on Count One; a consecutive term of 60 months of imprisonment on Count Two; and 180 months of imprisonment on Count Three, to run concurrent with the term imposed for Count One, for a total term of imprisonment of 300 months, followed by an eight-year term of supervised release.

In 2019, Harris moved for a reduction of his sentence for Count One pursuant to Section 404(b) of the First Step Act. In 2020, after determining that Harris was eligible for resentencing on Count One, the District Court reduced his term of imprisonment by 40 months and his term of supervised release by two years, and entered an amended judgment of conviction and sentence. Harris timely appealed.

### Discussion

On appeal Harris seeks a greater reduction of the sentence for Count One. The parties do not dispute Harris's eligibility for resentencing on Count One under Section 404(b) of the First Step

---

[1] Pub. L. 115-391, 132 Stat. 5194 (2018).

[2] Harris was convicted of carrying and possession of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1) (Count Two) and possession of a firearm as a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e)(1) (Count Three). The Government also filed a prior felony information under 21 U.S.C. § 851 based on Harris's 1992 conviction for a violation of Conn. Gen. Stat. § 21a-277(a).

Act.[3] The primary point of contention is whether the District Court abused its discretion by failing to reduce Harris's sentence for Count One by more than 40 months. "We typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion"[4] and we see no reason why that same standard of review should not similarly apply where a district court has chosen to exercise its discretion to reduce a defendant's sentence.[5]

Harris principally argues that the District Court was required to apply new case law pertaining to his prior conviction for a felony drug offense, which had triggered a sentencing enhancement under 21 U.S.C. § 841(b)(1)(B) for Count One as well as the career offender classification under § 4B1.1(a) of the United States Sentencing Guidelines ("Guidelines").[6] Harris thus seeks remand for, effectively, a plenary resentencing on Count One.

Insofar as Harris contends that a plenary resentencing is required or that the District Court should have reassessed all aspects of the applicable Guidelines range in resentencing him, his argument cannot succeed in light of our decision in *United States v. Moore*, 975 F.3d 84 (2d Cir. 2020). In *Moore*, the defendant argued that under the First Step Act, the district court was required to consider the impact of an intervening decision, *United States v. Townsend*, 897 F.3d 66 (2d Cir. 2018), which would have precluded his classification as a career offender under the Guidelines. But we rejected that argument, explaining that "the First Step Act provides a 'limited procedural vehicle' and expresses no requirement 'to broadly revisit every aspect of a criminal sentence,'" such as new Guidelines provisions or new judicial interpretations of existing Guidelines.[7] We thus held that the

---

[3] "A district court considering a motion for a sentence reduction under the First Step Act must conduct a two-part inquiry. First, the court must determine whether the defendant is eligible for a reduction. Second, if the defendant is eligible, the court must determine whether, and to what extent, to exercise its discretion to reduce the sentence." *United States v. Moore*, 975 F.3d 84, 89 (2d Cir. 2020).

[4] *Id.* at 88.

[5] *See* First Step Act, Pub. L. 115-319, § 404(b), 132 Stat. at 5222 ("A court that imposed a sentence for a covered offense *may* . . . impose a reduced sentence. . . ." (emphasis added)); *cf. Moore*, 975 F.3d at 89 (explaining that even if a district court determines a defendant is eligible for a sentence reduction under the First Step Act, "the court must [still] determine whether, and to what extent, to exercise its discretion to reduce the sentence."); *United States v. Johnson (Davis)*, 961 F.3d 181, 191 (2d Cir. 2020) (holding that "Section 404 relief is discretionary . . . and a district judge *may* exercise that discretion to deny relief where appropriate") (emphasis added); *United States v. Redden*, 850 F. App'x 121, 123 (2d Cir. 2021) (non-published summary order) (explaining that the district court "was not required to grant [the defendant]'s [First Step Act] motion simply because he was eligible for a reduction"); *United States v. Thomas*, 827 F. App'x 63, 66 (2d Cir. 2020) (non-published summary order) (where the district court made clear that it would not exercise its discretion to reduce Thomas's sentence further in any event, "identif[ying] no abuse of discretion in this decision").

[6] At the time of his 2006 conviction, a defendant like Harris, who had "a prior conviction for a felony drug offense," faced an enhanced mandatory minimum sentence of ten years of imprisonment for Count One under 21 U.S.C. § 841(b)(1)(B).

[7] *United States v. Moyhernandez*, 5 F.4th 195, 202 (2d Cir. 2021) (quoting *Moore*, 975 F.3d at 92); *see also id.* (quoting *Moore* as explaining that "all that § 404(b) instructs a district court to do is to determine the impact

First Step Act neither "require[s] . . . a plenary resentencing" nor "obligate[s] a district court to recalculate an eligible defendant's Guidelines range, except to account for those changes that flow from Sections 2 and 3 of the Fair Sentencing Act."[8]

That is exactly what the District Court did when it resentenced Harris on Count One pursuant to § 404(b) of the First Step Act.[9] Because the District Court was not obligated to reconsider any sentencing decisions beyond those directly impacted by the Fair Sentencing Act, the District Court was not required to consider the impact of any intervening case law, such as *United States v. Savage*, 542 F.3d 959 (2d Cir. 2008), on Harris's Guidelines calculation.[10] Accordingly, we cannot conclude that the District Court erred in concluding that Harris was not entitled to plenary resentencing when it reduced Harris's sentence for Count One by 40 months.

## CONCLUSION

We have reviewed all of the arguments raised by Harris on appeal, both in his counseled brief and his *pro se* supplemental brief, Doc. 71, and find them to be without merit. For the foregoing reasons, we **AFFIRM** the amended judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

of Sections 2 and 3 of the Fair Sentencing Act"); *United States v. Bryant*, 991 F.3d 452, 457–58 (2d Cir. 2021) (per curiam) (concluding that, under *Moore*, the district court had no obligation to apply a change in the law that did not "flow from Sections 2 and 3 of the Fair Sentencing Act").

[8] *Moore*, 975 F.3d at 93.

[9] It is true that the District Court did not have the benefit of our decision in *Moore* when it resentenced Harris pursuant to Section 404(b) of the First Step Act. But the District Court's resentencing of Harris was nevertheless consistent with that decision.

[10] *See Moore*, 975 F.3d at 90.