UNITED STATES of America, Appellee,

v.

Christopher KISSOON and Kathleen Ingrim, Defendants,

Michael Patoir, Defendant–Appellant.

No. 00–1544.

United States Court of Appeals, Second Circuit.

March 13, 2001.

Philip Katowitz, New York, NY, for appellant.

Margo K. Brodie, Assistant United States Attorney; Loretta E. Lynch, United States Attorney, Eastern District of New York, Susan Corkery, Assistant United States Attorney, on the brief, Brooklyn, NY, for appellee.

Present WALKER, Chief Judge, OAKES and POOLER, Circuit Judges.

68

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Defendant-appellant Michael Patoir appeals from a June 28, 2000 judgment of the United States District Court for the Eastern District of New York (Glasser, J.) convicting him after a jury trial of conspiracy to import and possess with intent to distribute cocaine and substantive offenses of importing and possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 846, 952, 960, 963. The district court sentenced Patoir to 87 months' incarceration and five years' supervised release. Patoir appeals only his sentence.

Patoir contends principally that the district court erred in making a two-level enhancement of his offense level after concluding that he was "an organizer, leader, manager, or supervisor" of the criminal activity of which he was convicted. U.S.S.G. § 3B1.1(c). Patoir argues that the district court failed to make findings on the record in support of the enhancement and that the enhancement was unsupported by the evidence.

■ Both claims of error lack merit. Although we require district courts to make factual findings in support of section 3B1.1 enhancements, see United States v. Greenfield, 44 F.3d 1141, 1147 n. 4 (2d Cir.1995), we give district courts latitude in their doing so, see United States v. Napoli, 179 F.3d 1, 14 (2d Cir.1999), cert. denied, 528 U.S. 1162, 120 S.Ct. 1176, 145 L.Ed.2d 1084 (2000). Here the district court made reference, albeit oblique, to Patoir's directing the conduct of others in the course of the charged criminal activity. That reference was adequate to "permit appellate review of the sentence imposed."

United States v. Stevens, 985 F.2d 1175, 1184 (2d Cir.1993). Moreover, given the strong evidence of Patoir's role, we see no point in remanding the case to the district court solely to make rote findings of fact. See United States v. Spencer, 129 F.3d 246, 253 (2d Cir.1997).

■ A preponderance of evidence showing that the defendant played a leadership role in the offense is sufficient to justify a section 3B1.1(c) enhancement. See United States v. Brinkworth, 68 F.3d 633, 641 (2d Cir.1995). We review for clear error a defendant's claim that the enhancement was unsupported by the evidence. Id. There was ample evidence here that Patoir recruited a drug courier to travel to Barbados to pick up cocaine and import it into the United States. He arranged for her to stay at a motel before the trip and gave her suitcases, telling her that he would pick her up on her return. He arranged for another to supervise her departure and then drove to the airport to meet her upon her return. When he was arrested, he possessed evidence of contacts in Barbados. Given this evidence, the district court was justified in finding that, while Patoir held only an intermediate position in the enterprise, he occupied the position of "organizer, leader, manager, or supervisor" so as to qualify for a two-level enhancement. See U.S.S.G. § 3B1.1, cmt. n. 4.

We have carefully considered the balance of Patoir's arguments and find them to be without merit.

Accordingly, the judgment of the district court is hereby AFFIRMED.