United States v. Burden

# UNITED STATES COURT OF APPEALS

### FOR THE SECOND CIRCUIT

_____

August Term, 2020

(Submitted: January 15, 2021     Decided: February 16, 2021)

Docket No. 20-1059

_____

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

TERRENCE BOYD, TODD SUMMERVILLE, DAVID M. BURDEN, AKA X, AKA DMX, ANTHONY BURDEN, AKA TONY, AKA MACKEY, WILLIE PREZZIE, AKA DOG, AKA PREZ, ANTHONY BUCHANAN, AKA JUNGLE, TERRENCE THOMPSON, AKA CREED, MICHAEL SAWYER, AKA MICHAEL MOSS, TERRA NIVENS, AKA STINK, AKA STINKFINGER, FRANK KNIGHT, AKA GROOVY, AKA ACE, DWIGHT MASCHEK, AKA SHORTY, JERMAINE MARTIN, AKA PSYCHO, ANDRE MCCLENDON, AKA POPSICLE, MICHAEL GLENN, AKA ROCKAFELLA, ROBERT JONES, AKA SWINGER, DAVID L. BURDEN, AKA QUINTEN, AKA SID, JOSEPH DANIELS, AKA DIGITAL, LAVON GODFREY, ALVIN WHITE, AKA UNCLE LEE, ANDRE DAWSON, AKA YUP YUP, JEFFREY FREDERICKS, AKA JL, AKA DAHMER, JAHOD NASH, AKA HOTTIE JIG, MARK CALDWELL, AKA LT. SPARKS, KEVIN HAMLETTE, AKA FRESH, PATRICE ST. SURIN, AKA PATRICK, AKA WATTY WAT, ERNEST EUGENE WELDON, AKA GENE, AKA MEAN GENE, AKA MEAN ONE, THOMAS HOLMAN, AKA UNO, ADAM SANDERS, AKA AD, KENDAL MULLINS, AKA K-NICE, THOMAS FAGAN, JOSEPH DARDEN, JEFFREY LOCKHART, LAMONT BROWN, AKA L, ST. CLAIR BURDEN, AKA GOWSER, AKA GP, AKA BOO BOO, JERMAINE BUCHANAN, AKA SKI, CEDRIC

BURDEN, AKA SID, ANTONIO WILLIAMS, AKA LO LO, ANGEL CABRERA, AKA CHEEKS, KEITH LYONS, AKA PAPA LARGE, AKA POPS, BARNEY BURDEN, AKA ROCK, AKA BUDDY, AKA BUDDY ROCK, DEMETRIUS STORY, LESLIE WAYNE CARLOS, AKA CHEETAH,

*Defendants*,

KELVIN BURDEN, AKA WAFFLE, AKA UNCLE, AKA UNC

*Defendant-Appellant*.

————————

Before: WALKER, KATZMANN, and LOHIER, *Circuit Judges*.

————————

Appeal from a judgment of the United States District Court for District of Connecticut (Hall, *J.*) denying defendant-appellant Kelvin Burden's motion for a sentence reduction pursuant to the First Step Act of 2018. In 2003, Burden was convicted of multiple drug- and racketeering-related crimes and sentenced to life imprisonment. In 2015, the district court granted him a plenary resentencing and reduced his sentence to 365 months' imprisonment. In 2019, Burden moved for a further sentence reduction pursuant to the First Step Act, but the district court denied the motion on the ground of ineligibility, giving rise to this appeal. We agree that Burden is ineligible for First Step Act relief because his existing sentence was "imposed . . . in accordance with" the relevant terms of the Fair Sentencing Act. Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018). Burden's 2015 sentence, the operative sentence in this appeal, was imposed after the effective date of the crack cocaine provisions in section 2 of the Fair Sentencing Act of 2010, *see* Pub. L. No. 111-220, § 2, 124 Stat. 2372, 2372, and the district court sentenced Burden in accordance with these provisions at the 2015 hearing. Accordingly, we **AFFIRM**.

————————

2

MARC H. SILVERMAN (Sandra S. Glover, *of counsel*), Assistant United States Attorneys, *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT, *for Appellee*.

ELIZABETH LATIF, Law Offices of Elizabeth A. Latif PLLC, West Hartford, CT, *for Defendant-Appellant*.

_____

PER CURIAM:

Defendant-appellant Kelvin Burden appeals from an order of the United States District Court for the District of Connecticut (Hall, *J.*) denying his motion for a reduction in sentence pursuant to section 404 of the First Step Act of 2018. *See* Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222. For the reasons set forth below, we affirm.

## BACKGROUND

Defendant-appellant Kelvin Burden was one of the leaders of a Norwalk, Connecticut-based organization that trafficked powder and crack cocaine. In the late 1990s, Burden and his associates had several violent encounters with rival drug dealers, encounters that included a number of shootings as well as a murder for which Burden was held liable.[1] In February 2003, a jury convicted

---

[1] We provided a more detailed description of Burden's offense conduct in our opinion considering his first direct appeal of his conviction and sentence. *See United States v. Burden* (*Burden I*), 600 F.3d 204, 211–13 (2d Cir. 2010).

3

Burden of racketeering- and drug-related crimes arising out of these events. As relevant to this appeal, Burden was convicted of murder as a violent crime in aid of racketeering ("VCAR") in violation of 18 U.S.C. § 1959(a)(1) (Count Eight). Burden was also convicted of two narcotics crimes: conspiracy to possess with intent to distribute fifty grams or more of crack cocaine and five kilograms or more of powder cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count Twelve), and possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Fourteen).[2]

Following his conviction, the district court effectively sentenced Burden to life in prison. Burden faced a mandatory minimum sentence of life imprisonment on both the VCAR murder offense charged in Count Eight, *see* 18 U.S.C. § 1959(a)(1), as well as the narcotics conspiracy charged in Count Twelve: at the time, the quantity of powder cocaine (five kilograms or more) and crack cocaine (fifty grams or more) charged in Count Twelve was each independently sufficient to trigger the penalties set forth in 21 U.S.C. § 841(b)(1)(A). Moreover,

---

[2] The jury also convicted Burden of racketeering, racketeering conspiracy, and several other VCAR counts, including multiple counts of conspiracy to murder and attempted murder.

4

the government had filed, pursuant to 21 U.S.C. § 851, an information

establishing that Burden had two prior convictions for serious drug felonies.

Burden was thus subject to § 841(b)(1)(A)'s enhanced mandatory minimum

sentence for offenders with "two or more prior convictions for a felony drug

offense," which, at the time, was life imprisonment.[3] 21 U.S.C. § 841(b)(1)(A)

(2012). This Court upheld Burden's convictions and sentence on direct appeal.

*See Burden I*, 600 F.3d at 231.[4]

In 2012, Burden filed a petition under 28 U.S.C. § 2255 to vacate his

conviction and sentence. Rather than litigate the motion on the merits, Burden

and the government entered into a stipulation by which Burden agreed to

withdraw his request for a new trial in exchange for the government's consent to

---

[3] Because of the filing of the § 851 information, Burden's statutory sentencing range on Count Fourteen was ten years to life. 21 U.S.C. § 841(b)(1)(B) (2012). Without the prior drug conviction, that range would have been five to forty years. *Id.* The district court imposed a life sentence on Count Fourteen, plus life sentences on each of the two racketeering counts, as well as sentences of ten years' imprisonment on each of the other VCAR counts. All sentences ran concurrently.

[4] We also remanded Burden's sentence pursuant to *United States v. Regalado*, 518 F.3d 143, 149 (2d Cir. 2008) (per curiam) in order "to give the district court an opportunity to indicate whether it would have imposed a non-Guidelines sentence" on the crack offenses "knowing that it had discretion to deviate from the [U.S. Sentencing] Guidelines." *Burden I*, 600 F.3d at 231.

5

the vacatur of Count Eight and a plenary resentencing on the remaining counts. The parties further stipulated to a binding U.S. Sentencing Guidelines range of 262–365 months' incarceration. At a hearing in March 2015, the district court formally accepted the stipulation, vacated Burden's conviction on Count Eight, and proceeded to conduct a full resentencing on the remaining counts.

Importantly, by the time of the 2015 hearing, Burden no longer faced a mandatory minimum sentence of life imprisonment. In addition to the vacatur of Count Eight, two further developments enabled the district court to impose a lower sentence. First, the government agreed, for the purposes of this resentencing, to withdraw the § 851 notice establishing Burden's prior drug convictions. Accordingly, on both Counts Twelve and Fourteen, Burden was no longer subject to the enhanced statutory penalties for repeat offenders. *See* 21 U.S.C. § 841(b)(1)(A) & (C).

Second, between Burden's original sentencing in 2003 and his resentencing in 2015, Congress passed the Fair Sentencing Act of 2010. *See* Pub. L. No. 111-220, 124 Stat. 2372. Section 2 of the Fair Sentencing Act raised the threshold quantities of crack cocaine needed to trigger the various mandatory minimum penalties set forth in 21 U.S.C. § 841(b)(1). *Id.* § 2, 124 Stat. at 2372. And because the Fair

Sentencing Act applies to all sentences imposed after the Act's passage, even where the offense was committed earlier, the district court was bound by this statute's terms at the time of Burden's plenary resentencing in 2015. *Dorsey v. United States*, 567 U.S. 260, 281 (2012) ("Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders.").

The Fair Sentencing Act had a different impact on the statutory sentencing range for each of Burden's narcotics convictions. As to Count Twelve, the narcotics conspiracy, the Fair Sentencing Act had no practical effect. Count Twelve charged conspiracy to distribute both powder and crack cocaine, and section 2 of the Fair Sentencing Act did not alter the punishments associated with crimes involving powder cocaine. Accordingly, the quantity of powder cocaine charged in Count Twelve (five kilograms or more) was still sufficient to carry the mandatory minimum sentences set forth in 21 U.S.C. § 841(b)(1)(A). As to the substantive narcotics offense charged in Count Fourteen, however, the charged quantity of crack cocaine (five grams) now carried only the penalties described in 21 U.S.C. § 841(b)(1)(C), not the higher penalties set forth in § 841(b)(1)(B). *See* Pub. L. No. 111-220, § 2, 124 Stat. at 2372.

As a result of these two developments, Burden faced a *potential* sentencing range of ten years to life imprisonment on Count Twelve, as well as a maximum of twenty years imprisonment, with no mandatory minimum, on Count Fourteen.[5] *See* 21 U.S.C. § 841(b)(1)(A) & (C). Just before imposing sentence at the conclusion of the March 2015 hearing, the district court asked the government about the proper calculation of these statutory sentencing ranges. Counsel for the government replied, accurately, as follows:

Court: What's the statutory max now that the 851 is withdrawn?

Government: The statutory max without the 851 would be—it would still be life.

Court: No life on [the racketeering counts]. On [Count Twelve] what would it be?

Government: Twelve it is still life because of the five kilograms of powder cocaine.

Court: What's the mandatory minimum on that?

Government: Ten. Ten to life. . . .

Court: And Count [Fourteen] is five to [forty] still?

Government: No. Count [Fourteen] because of the Fair Sentencing Act, that would be zero to [twenty].

[5] Because the district court accepted the parties' stipulation, however, it was bound to impose a term of incarceration within the range of 262–365 months.

Joint App'x at 338.

Shortly after this exchange, the district court imposed concurrent sentences of 365 months' imprisonment on Counts Twelve and Fourteen. This sentence fell within the permissible range of ten years to life for Count Twelve, but it fell above the statutory maximum of twenty years (240 months) for Count Fourteen. The government promptly informed the district court of this error, and the district court modified the sentence accordingly:

> Government: The only correction would be for Count Fourteen, . . . the maximum would be 240 months.
>
> Court: I thought it was [forty] years.
>
> Government: That's the Fair Sentencing Act.
>
> Court: That went down to [twenty] maximum. So I will correct that Count Fourteen is 240 months.

Joint App'x at 341.

In sum, the district court resentenced Burden to a total effective term of imprisonment of 365 months, comprising a sentence of 365 months on Count Twelve and a concurrent sentence of 240 months on Count Fourteen.[6] This

---

[6] The district court also imposed concurrent 365-month sentences on the racketeering counts, plus concurrent 120-month sentences on the remaining

9

sentence fell at the high end of the parties' stipulated and binding Guidelines range of 262–365 months.

In November 2019, Burden asked the district court to further reduce his sentence under the First Step Act of 2018. The district court denied the motion, holding that Burden is ineligible for a First Step Act resentencing because his 2015 sentence was imposed in accordance with the terms of the Fair Sentencing Act. The district court held in the alternative that, even if Burden were eligible, the district court would exercise its discretion not to reduce his sentence. Burden timely appealed.

### DISCUSSION

We review the district court's legal conclusion that Burden is ineligible for First Step Act relief *de novo*. *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020).[7]

---

VCAR counts. The district court then imposed a lifetime term of supervised release, which, following two subsequent direct appeals by Burden, each resulting in a remand by this Court, the district court reduced to a term of five years of supervised release with certain conditions. *See United States v. Burden*, 860 F.3d 45, 55–57 (2d Cir. 2017); *United States v. Boyd*, 759 F. App'x 49, 52 (2d Cir. 2019) (summary order). The district court entered a Fourth Amended Judgment, the operative sentence in this appeal, on April 26, 2019.

[7] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes, and citations are omitted.

The First Step Act of 2018, in effect, allows a district court to reduce a defendant's sentence as though the crack cocaine provisions in section 2 of the Fair Sentencing Act of 2010 applied retroactively. Specifically, section 404(b) of the First Step Act allows a defendant to petition the court to reduce his sentence "as if section[] 2 . . . of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. Section 404(a) of the statute defines a "covered offense" to include "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 . . . of the Fair Sentencing Act of 2010 . . . , that was committed before August 3, 2010." *Id.* § 404(a), 132 Stat. at 5222.

Section 404(c) of the First Step Act, however, limits eligibility for resentencing by excluding any defendant whose "sentence was previously imposed or previously reduced in accordance with the amendments made by section[] 2 . . . of the Fair Sentencing Act of 2010." *Id.* § 404(c), 132 Stat. at 5222. To construe section 404(c), our "analysis begins with the language of the statute," and "where the statutory language provides a clear answer, it ends there as well." *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). Under normal usage, the phrase "in accordance" means "in a way that agrees with or follows

11

(something, such as a rule or request)." *In Accordance*, merriam-webster.com (last visited Feb. 10, 2021); *see also Accordance*, dictionary.cambridge.org/us (last visited Feb. 10, 2021) ("[F]ollowing or obeying a rule, law, wish, etc.").

The unambiguous meaning of section 404(c) is that a defendant whose sentence was imposed after the effective date of the Fair Sentencing Act, and "in a way that . . . follows" its terms, is ineligible for First Step Act relief. *See In Accordance*, merriam-webster.com; *see also* Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222. Moreover, such an interpretation of this language is supported by the remedy available to eligible defendants under section 404(b): "a reduced sentence as if section[] 2 . . . of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.* § 404(b), 132 Stat. at 5222. Such a remedy would provide no relief at all to a defendant who already was sentenced under the framework of the Fair Sentencing Act.

Burden is therefore ineligible for a First Step Act resentencing. His incarceratory sentence was imposed in 2015, after the Fair Sentencing Act took effect. And the record of that proceeding leaves no doubt that the district court imposed the sentence "in accordance with" the terms of that statute. The district court described the 2015 proceeding as "a full resentencing, a new resentencing,"

indicating that the court did not see itself as in any way bound by the 2003 sentence. Joint App'x at 327. Then, as noted above, the district court proceeded to ask the government about the new statutory sentencing ranges applicable to the two narcotics counts under the Fair Sentencing Act, and government counsel replied accurately. Finally, the district court imposed new sentences on Counts Twelve and Fourteen, which—after some initial confusion, quickly corrected by the government—fell within the proper statutory ranges.

Burden avers in a conclusory manner that "the record does not indicate the district court understood it could reduce Mr. Burden's sentence on the basis of the [Fair Sentencing Act]," Appellant's Br. at 10, and that "[t]he district court made no effort to construe the terms of the [Fair Sentencing Act] or to apply its terms to Mr. Burden," *id.* at 11. But the record described above belies these assertions.[8] The district court recognized that the Fair Sentencing Act had come

---

[8] Burden may be correct that the district court did not *dwell* on the impact of the Fair Sentencing Act on Burden's sentence, but that is likely because there was such little practical impact. As explained above, the Fair Sentencing Act did not alter Burden's statutory sentencing range on Count Twelve, which charged conspiracy to distribute both powder and crack cocaine. With respect to Count Twelve, the only change between 2003 and 2015 in Burden's statutory sentencing range resulted from the government's decision to withdraw the § 851 notice. *See* 21 U.S.C. § 841(b)(1)(A).

13

into effect by the time of Burden's 2015 resentencing, and the district court applied the statute accurately. Burden's 2015 sentence was therefore imposed "in accordance with the amendments made by section[] 2 . . . of the Fair Sentencing Act of 2010," and he is ineligible for a First Step Act resentencing. Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222. We need not reach the question of whether the district court properly held in the alternative that it would deny Burden's motion for a sentence reduction even if he were eligible.

## CONCLUSION

We have considered Burden's remaining contentions on appeal and find in them no basis for reversal. Accordingly, we **AFFIRM** the district court's judgment.