*United States v. Boodie*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand twenty-one.**

**PRESENT:**

> **RICHARD C. WESLEY,**
> **SUSAN L. CARNEY,**
> **WILLIAM J. NARDINI,**
> *Circuit Judges.*

_____

**United States of America,**

*Appellee,*

v.                                                                 **20-1068**

**Robert Boodie, AKA Reginald White,**

*Defendant-Appellant.*

_____

| | |
|---|---|
| **FOR APPELLEE:** | Saritha Komatireddy, Oren Gleich, Assistant United States Attorneys, *for* Mark J. Lesko, Acting United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| **FOR DEFENDANT-APPELLANT:** | Robert Boodie, pro se, Jonesville, VA. |

Appeal from an order of the United States District Court for the Eastern District of New York (Block, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

In 2004, Appellant Robert Boodie pleaded guilty to conspiracy to distribute and to possess with intent to distribute 50 grams or more of a substance containing cocaine base, and two other charges. In 2013, he was sentenced for those crimes, including a sentence of 360 months on the drug conspiracy count. In 2018 and 2019, Boodie, proceeding pro se, filed two motions for a sentence reduction: one pursuant to 18 U.S.C. § 3582(c)(2),[1] and another pursuant to the First Step Act of 2018, which we describe below. The district court denied his § 3582(c)(2) motion, reasoning that certain amendments to the U.S. Sentencing Guidelines did not alter Boodie's Guidelines range. It also denied Boodie's motion under the First Step Act in a docket entry, without further explanation.

Boodie now appeals the district court's denial of his First Step Act motion, which is governed by 18 U.S.C. § 3582(c)(1)(B). *See United States v. Holloway*, 956 F.3d 660, 666 (2d Cir. 2020). We review de novo a district court's determination as to whether a defendant is eligible for a sentence reduction under the First Step Act. *Id*. at 664. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as needed to explain our decision to affirm.

---

[1] Boodie's first motion also cited 18 U.S.C. § 3582(c)(1)(A)(i), which authorizes sentence reductions for "extraordinary and compelling reasons," but his argument was premised entirely on amendments to the Guidelines.

Section 841(b) of title 21 of the U.S. Code sets forth various penalties for distribution of controlled substances based on the type and amount of the substance involved in the offense. In 2004, a defendant charged with a narcotics conspiracy involving 50 or more grams of cocaine base was subject to a mandatory minimum sentence of 10 years' imprisonment and a maximum sentence of life. 21 U.S.C. § 841(b)(1)(A)(iii) (2004). In 2010, Congress passed the Fair Sentencing Act, which increased the amount of cocaine base from 50 grams to 280 grams to qualify for the same sentencing range, thus reducing the penalties applicable to certain drug crimes. *See* Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). In 2012, the Supreme Court decided *Dorsey v. United States*, 567 U.S. 260, 281 (2012), which held that the Fair Sentencing Act applies to defendants who committed a crime before the Act's effective date but were sentenced thereafter. Accordingly, in 2013, when Boodie was sentenced, a defendant sentenced for conspiring to distribute 50 grams of cocaine base (as Boodie was) was subject only to those penalties applicable to conspiracies involving 28 grams or more of crack cocaine – namely, a mandatory minimum term of five years' imprisonment and a maximum of 40 years. 21 U.S.C. § 841(b)(1)(B)(iii). This represented a significant reduction of the statutory range that applied in 2004, when he pleaded guilty.

In 2018, Congress passed the First Step Act, Pub. L. No. 115-391, § 404(a)-(b), 132 Stat. 5194, 5222 (2018), which made the Fair Sentencing Act retroactive insofar as it gave district courts discretion to reduce the sentences of defendants convicted of violating statutes whose penalties were modified by sections 2 and 3 of the Fair Sentencing Act. The First Step Act explicitly prohibited sentence reductions, however, in cases where such a defendant had already received the benefit of the Fair Sentencing Act: that is, where a defendant's "sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair

3

Sentencing Act of 2010." *Id.* § 404(c). *See United States v. Boyd*, 987 F.3d 278, 283-84 (2d Cir. 2021).

Boodie is not eligible for a sentence reduction under the First Step Act. Although Boodie entered his guilty plea in 2004, before the Fair Sentencing Act was enacted, he was sentenced in 2013, after its effective date. At sentencing, the district court applied the statutory minimum and maximum sentence—as amended by the Fair Sentencing Act—to Boodie's drug offense. Although Boodie's Guidelines range included life imprisonment, the district court sentenced him to a term of 360 months of imprisonment on his drug conspiracy count—that is, well below the 40-year statutory maximum set by the Fair Sentencing Act. We therefore conclude that Boodie's sentence was imposed in accordance with the Fair Sentencing Act and that he is ineligible for a sentence reduction under the First Step Act.

Boodie contends that the district court misconstrued his motion for a sentence reduction under the First Step Act as a § 3582(c)(2) motion and erred by failing to rule on his First Step Act arguments. We disagree. The docket sheet text entries in Boodie's case indicate that the district court considered both of Boodie's motions, and the district court's silence with respect to the reasons for denying his First Step Act motion does not require a remand. We have explained in past sentencing appeals that a district court's "failure to state reasons will not always require a remand," particularly where the reasoning underlying the district court's decision is "obvious from the history of the case." *United States v. Christie*, 736 F.3d 191, 196 (2d Cir. 2013). Here, the reason for denying Boodie's First Step Act motion is obvious, as the Government opposed Boodie's sentence reduction motion solely on the ground that Boodie was ineligible for a reduction because he had

been sentenced under the Fair Sentencing Act. Thus, remand—which in any event would not benefit Boodie because he is ineligible for a sentence reduction—is not required.

We have reviewed Boodie's remaining arguments and find in them no basis for reversal.

For the foregoing reasons, the order of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court