21-2008-cr
United States v. Boodie

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of April, two thousand twenty-three.

PRESENT: ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges*.

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                    No. 21-2008-cr

ROBERT BOODIE, AKA REGINALD WHITE,

*Defendant-Appellant*.

-----------------------------------------------------------------

FOR DEFENDANT-APPELLANT: Jaime T. Halscott, Halscott Megaro P.A., Orlando, FL

FOR APPELLEE: Nicholas M. Axelrod, Jo Ann M. Navickas, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY

Appeal from an order of the United States District Court for the Eastern District of New York (Frederic Block, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendant Robert Boodie appeals from an order of the United States District Court for the Eastern District of New York (Block, J.) denying his pro se motion for a sentence reduction under Section 404 of the First Step Act and 18 U.S.C. § 3582(c).   We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

On September 27, 2013, the District Court sentenced Boodie principally to 360 months' imprisonment for: (1) conspiracy to distribute 50 grams or more of a

substance containing cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(A)(iii); (2) Hobbs Act robbery, in violation of 18 U.S.C. § 1951; and (3) conspiracy to commit murder-for-hire, in violation of 18 U.S.C. § 1958. Boodie appealed his sentence, and this Court affirmed. See United States v. Boodie, 590 F. App'x 67 (2d Cir. 2015) (summary order).

Boodie, proceeding pro se, filed two motions for a sentence reduction in 2018 and 2019: one pursuant to 18 U.S.C. § 3582(c), in light of Amendments 750, 782 and 787 to the Sentencing Guidelines, and another pursuant to the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. The District Court denied both motions on February 27, 2020. Boodie appealed, arguing that the District Court had failed to properly consider or misconstrued his First Step Act motion. We upheld the District Court's denial of the motion, holding that because Boodie was sentenced pursuant to the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, he was not eligible for a sentence reduction under the First Step Act. See United States v. Boodie, 843 F. App'x 415, 416 (2d Cir. 2021) (summary order); see also First Step Act § 404(c), 132 Stat. at 5222 ("No court shall entertain a motion made under this section to reduce a sentence if the sentence was

previously imposed . . . in accordance with the . . . Fair Sentencing Act of 2010."

(citations omitted)); United States v. Boyd, 987 F.3d 278, 283 (2d Cir. 2021) ("[A]

defendant whose sentence was imposed after the effective date of the Fair

Sentencing Act, and in a way that . . . follows its terms, is ineligible for First Step

Act relief." (quotation marks omitted)).

In 2021 Boodie again moved for a sentence reduction pursuant to Section

404 of the First Step Act or for compassionate release pursuant to Section 3582(c),

citing, inter alia, the amendments to the Sentencing Guidelines, the harsh

conditions of confinement caused by COVID-19, and his rehabilitation. The

District Court denied the motion on July 29, 2021, finding that there were "no

extraordinary or compelling reasons that permit the defendant[']s release," and

that, "[i]n the alternative, the section 3553(a) factors do not support releasing Mr.

Boodie." Dist. Ct. Order dated July 29, 2021. Boodie now appeals, arguing

that the District Court erred in finding that he was ineligible for a sentencing

reduction under the First Step Act or the amendments to the Sentencing

Guidelines.[1]

---

[1] Boodie fails to develop his argument on appeal in support of the claim that the

As an initial matter, Boodie's challenge under the First Step Act is barred by the First Step Act itself, which precludes review "if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits." First Step Act § 404(c); see also United States v. Thomas, No. 22-3357, 2022 WL 628549, at *2–3 (2d Cir. Mar. 4, 2022) (summary order), cert. denied, 143 S. Ct. 289 (2022). Boodie's challenges under the First Step Act and the amendments to the Sentencing Guidelines are also barred by the law of the case doctrine, which "ordinarily forecloses relitigation of all issues previously waived by the defendant or decided by the appellate court." United States v. Quintieri, 306 F.3d 1217, 1225 (2d Cir. 2002). In 2021 we affirmed the denial of Boodie's First Step Act claim because Boodie had already received the benefit of the Fair Sentencing Act. Boodie, 843 F. App'x at 416. Boodie could have then continued to press the argument based on the Guidelines amendments that he made to the District Court, but he chose not to do so. See id. at 415.

District Court erred in finding that the 18 U.S.C. § 3553(a) factors do not support his release. Accordingly, this argument is deemed abandoned. See Morrison v. Johnson, 429 F.3d 48, 52 (2d Cir. 2005).

Accordingly, Boodie's argument now that he qualifies for resentencing pursuant to Section 404 of the First Step Act, or that the First Step Act or the Guidelines amendments provide the requisite extraordinary and compelling reasons to warrant a reduction in sentence, are barred by the law of the case doctrine.

We have considered Boodie's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court