*United States v. Iverson*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand twenty-three.

PRESENT:

> GUIDO CALABRESI,
> RICHARD J. SULLIVAN,
> MYRNA PÉREZ,
> *Circuit Judges.*

————————————————————————

UNITED STATES OF AMERICA,

> *Appellee*,

> v.

> No. 22-1612

ELIJAH IVERSON,

> *Defendant-Appellant*.

————————————————————————

For Defendant-Appellant:     Elijah Iverson, *pro se*, Lewisburg, PA.

For Appellee:     Monica J. Richards, Assistant United States Attorney, *for* Trini E. Ross, United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from an order of the United States District Court for the Western District of New York (Lawrence J. Vilardo, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Elijah Iverson, who is incarcerated and proceeding *pro se*, appeals from the district court's July 13, 2022 order denying his motion for a reduction in sentence under sections 401 and 404 of the First Step Act of 2018. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we refer to only as necessary to resolve this appeal.

In 2016, a jury convicted Iverson of five counts related to his possession with the intent to distribute narcotics and his possession of firearms in furtherance of the narcotics offenses. The district court sentenced him to 180 months' imprisonment, to be followed by eight years of supervised release. In 2021, Iverson filed a motion requesting that his sentence be reduced pursuant to the First

Step Act. In denying Iverson's motion, the district court determined that Iverson was not entitled to relief under section 401 because he was sentenced "two years before the enactment of the First Step Act," and this section did not apply retroactively to his sentence. *United States v. Iverson*, No. 14-cr-197 (LJV), 2022 WL 2712228, at *1 (W.D.N.Y. July 13, 2022). The district court additionally concluded that Iverson was not eligible for a sentence reduction under section 404 because he had already been sentenced in accordance with the Fair Sentencing Act's amendments and his crimes were not "covered offense[s]" for the purposes of that section. *Id.* at *2. This appeal followed.

Although we "typically review the denial of a motion for a discretionary sentence reduction for abuse of discretion," our review is *de novo* when, as here, a district court bases "its decision entirely on statutory interpretation." *United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020). Because Iverson is proceeding *pro se*, we construe his submissions "liberally" and interpret them "to raise the strongest arguments that they suggest." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (internal quotation marks omitted). We therefore construe Iverson's appellate brief as challenging the district court's decision as to both section 401 and section 404 of the First Step Act. We nonetheless conclude that

3

the challenges are meritless.

*First*, the district court properly determined that Iverson was not eligible for a sentence reduction under section 401. As relevant here, section 401 amended 21 U.S.C. § 841 to provide that certain mandatory sentencing enhancements are triggered only when a defendant has a prior conviction for a *serious* drug felony, as opposed to *any* drug felony. *See* First Step Act, Pub. L. No. 115-391, § 401, 132 Stat. 5194, 5220–21 (2018). Section 401 explicitly provides, however, that those amendments only apply to offenses committed before the date of the Act's enactment "if a sentence for the offense *has not been imposed* as of such date of enactment." § 401(c), 132 Stat. at 5221 (emphasis added).

Because Iverson was sentenced in October 2016, more than two years before the First Step Act was enacted, he is plainly precluded from relief under section 401. *See United States v. Bryant*, 991 F.3d 452, 458 (2d Cir. 2021), *vacated and remanded on other grounds*, 142 S. Ct. 2900 (2022); *United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021), *cert. denied*, 142 S. Ct. 780 (2022); *United States v. Brunson*, 968 F.3d 325, 335 (4th Cir. 2020); *Young v. United States*, 943 F.3d 460, 462 (D.C. Cir. 2019); *United States v. Aviles*, 938 F.3d 503, 510 (3d Cir. 2019). We therefore reject Iverson's contention that the district court erred in concluding that section 401

4

does not apply retroactively to his sentence.

*Second*, the district court correctly determined that Iverson was not entitled to a sentence reduction under section 404. In 2010, Congress passed the Fair Sentencing Act, which "marked the culmination of a decades-long effort to address what had been a 100-to-1 disparity between the amounts of crack and powder cocaine required to trigger the mandatory statutory penalties in 21 U.S.C. § 841(b)(1)." *United States v. Davis*, 961 F.3d 181, 184 (2d Cir. 2020); *see also id.* (noting that the Fair Sentencing Act "increased the threshold quantities of crack cocaine required to trigger each of [s]ection 841(b)(1)'s mandatory statutory penalty ranges"). Eight years later, Congress enacted the First Step Act, which, among other things, empowered courts to reduce the sentences of defendants convicted of certain "covered offense[s]" as if the Fair Sentencing Act had been in effect "at the time the covered offense was committed." § 404, 132 Stat. at 5222. But section 404 explicitly prohibits district courts from reducing a defendant's sentence "if the sentence was previously imposed" in accordance with the amendments of the Fair Sentencing Act. § 404(c), 132 Stat. at 5222. Section 404 therefore unambiguously establishes that "a defendant whose sentence was imposed after the effective date of the Fair Sentencing Act, and in a way that

5

follows its terms, is ineligible for First Step Act relief." *United States v. Boyd*, 987 F.3d 278, 283 (2d Cir. 2021) (alterations and internal quotation marks omitted).

The record here plainly reflects that Iverson was convicted and sentenced well after the passage of the Fair Sentencing Act of 2010 and that the district court sentenced him in accordance with the Act's terms. *See* Dist. Ct. Doc. No. 129 at 11 (determining Iverson's mandatory minimum term of imprisonment in reference to provisions as amended by the Fair Sentencing Act). Because Iverson's sentence already accounts for the reforms brought about by the Fair Sentencing Act, he cannot claim relief under section 404 of the First Step Act.[1]

We have considered Iverson's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] Despite Iverson's ineligibility for relief under either section 401 or 404, the district court observed that he was not foreclosed from seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). *See Iverson*, 2022 WL 2712228, at *2 n.2. Recent amendments to the Sentencing Guidelines set forth the circumstances in which a court may consider a change in the law in evaluating a defendant's motion for compassionate release. *See* U.S.S.G. § 1B1.13(b)(6), (c) (2023). We, like the district court, express no opinion on the merits of any such motion. *See United States v. Roper*, 72 F.4th 1097, 1101 (9th Cir. 2023) (noting pre-amendment circuit split as to whether a change in decisional law can be considered an extraordinary and compelling reason for a sentence reduction).

6